IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MOUNTAIN VIEW REHABILITATION, LCC,** | 10-CV-1024-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **SERVICE EMPLOYEES INTERNATIONAL LOCAL UNION 503, OREGON PUBLIC EMPLOYEES UNION,** | |
| Defendant. | |

**WILLIAM E GAAR**
**MICHELLE E. LENTZNER**
Buckley LeChevallier, P.C.
Three Centerpoint Drive
Suite 250
Lake Oswego, OR 97035
(503) 620-8900

       Attorneys for Plaintiff

1 - OPINION AND ORDER

**MARC A. STEFAN**
SEIU Local 503, OPEU
P.O. Box 12159
Salem, OR 97309-0159
(503) 581-1505 x178

      Attorney for Defendants

**BROWN, Judge.**

    This matter comes before the Court on the Motion (#13) for Summary Judgment of Plaintiff Mountain View Rehabilitation, LLC, and the Cross-Motion (#18) for Summary Judgment of Defendant Service Employees International Union 503, Oregon Public Employee's Union.  For the reasons that follow, the Court **DENIES** Plaintiff's Motion and **GRANTS** Defendant's Cross-Motion.

### BACKGROUND

    Plaintiff and Defendant are parties to a Collective Bargaining Agreement (CBA).  In October 2008 Plaintiff hired Anise Thompson as a Certified Nurse Assistant.  On December 31, 2008, Plaintiff suspended Thompson's employment.  On January 16, 2009, Plaintiff terminated Thompson's employment.

    On January 9, 2010, Defendant submitted its first grievance on behalf of Thompson in which Defendant requested the following remedy:  "Discipline (suspension and probation) removed from file and destroyed.  Employee shall receive back pay for time lost

2 - OPINION AND ORDER

during suspension."[1]

On January 26, 2010, Defendant submitted its second grievance on behalf of Thompson requesting the following remedy: "Termination be reduced to a written warning.  Employee shall be returned to work and made whole.  Employee shall receive back pay for all time lost due to termination."

On March 17 and 30, 2010, the parties arbitrated Thompson's grievances.  Before arbitration the parties stipulated the grievances were properly before the arbitrator.  The parties "framed . . . [t]he issues for decision" as follows:

> 1.   Did the Employer have just cause to issue a two week suspension to Ms. Thompson on or about December 31, 2008?  If yes, was the discipline appropriate?
>
> 2.   Did the Employer have just cause to terminate Grievant, Anise Thompson, on January 16, 2009?  If yes, was the discipline appropriate?

Stipulated Concise Statement of Facts, Ex. 8 at 2.

On June 25, 2010, the arbitrator issued an Opinion and Award in which he concluded, among other things, that:

> 1.   The Employer did not have just cause to impose the two week suspension for the reasons "relating to 12/20/08." . . .  The Employer did have just cause to issue a written warning to Grievant for calling in to advise she was not

---

[1] The parties inadvertently omitted this exhibit from their Stipulated Concise Statement of Fact.  The parties later submitted it to the Court.

3 - OPINION AND ORDER

>     going to be able to make her scheduled shift after
>     the shift start time.
>
>     2.   The Employer did not have just cause to
>     terminate Grievant for the reasons set forth in
>     Employer Exhibit 8.  The Employer did have just
>     cause to suspend Thompson for a period of 30
>     calendar days.

Decl. of William E. Gaar, Ex. 8 at 19.  The arbitrator directed Plaintiff to reinstate Thompson and to make her "whole for all wages and benefits lost due to the termination, minus the 30-calendar day suspension."  *Id*.  The arbitrator also retained jurisdiction over the matter for 60 days "to resolve any disputes arising out of the remedy so ordered."[2]  *Id*.

On July 1, 2010, defense counsel requested Plaintiff to provide Thompson's payroll records so Defendant could begin to calculate Thompson's back pay in accordance with the arbitrator's decision.

On July 12, 2010, Plaintiff filed a motion requesting the arbitrator to reconsider his "award of back pay and reinstatement based on the after acquired evidence detailed in [Plaintiff's] motion."  Gaar Decl., Ex. 9 at 1.  Plaintiff requested the

---

[2] Plaintiff filed an Objection (#28) to the statement in ¶ 1 of Defendant's Concise Statement of Facts that "[a]t the outset of the arbitration hearing the parties agreed that the Arbitrator would retain jurisdiction" on the ground that the statement is hearsay in violation of Federal Rule of Evidence 801.  The Court, however, relies only on the arbitrator's statement in his Opinion and Award that he would retain jurisdiction rather than Defendant's statement in ¶ 1.  Accordingly, Plaintiff's objection is rendered moot.

4 - OPINION AND ORDER

arbitrator to reconsider and to limit Thompson's back pay "because Ms. Thompson would have been terminated no later than June 5, 2009." Gaar Decl., Ex. 9 at 3.

On August 2, 2010, the arbitrator denied Plaintiff's motion for reconsideration.

On August 31, 2010, Plaintiff filed an action in this Court to vacate the arbitration award.

On October 29, 2010, Defendant filed an Answer and Counterclaim to enforce the arbitration award. On November 10, 2010, Defendant filed an Amended Answer and Counterclaim.

On December 30, 2010, Plaintiff filed a Motion for Summary Judgment. On January 21, 2011, Defendant filed a Cross-Motion for Summary Judgment.

On February 22, 2011, Plaintiff filed an Answer to Defendant's Counterclaim.

**STANDARDS**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). *See also* Fed. R. Civ. P. 56(a). The moving party must show the absence of a dispute as to a material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly

5 - OPINION AND ORDER

supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine dispute as to a material fact for trial.  *Id.*

A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The court must draw all reasonable inferences in favor of the nonmoving party.  *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010).  "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues."  *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936,* 680 F.2d 594, 598 (9th Cir. 1982)).

A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary judgment."  *Deering v. Lassen Cmty. Coll. Dist.,* No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011)(citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1987)).  *See also Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990).  When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary."  *LVRC Holdings LLC*

v. Brekka, 581 F.3d 1127, 1137 (9th Cir. 2009)(citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id*.

## **DISCUSSION**

**I.   Scope of review**

Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, *et seq.*, empowers federal courts to review an arbitration conducted under the terms of a collective bargaining agreement. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 986 (9th Cir. 2001)(citing *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.*, 363 U.S. 593 (1960)).

"'The scope of review of an arbitrator's decision in a labor dispute[, however,] is extremely narrow.'" *Aramark Facility Servs. v. Serv. Emp. Int'l Union, Local 1877, AFL CIO*, 530 F.3d 817, 822-23 (9th Cir. 2008)(quoting *Federated Dep't Stores v. United Food & Commercial Workers Union, Local 1442*, 901 F.2d 1494, 1496 (9th Cir. 1990). "Arbitration awards are ordinarily upheld so long as they represent a 'plausible interpretation of the contract.'" *Id.* (quoting *Phoenix Newspapers, Inc. v. Phoenix*

7 - OPINION AND ORDER

*Mailers Union Local 752*, 989 F.2d 1077, 1080 (9th Cir. 1993)).

"'A reviewing court is bound - under all except the most limited circumstances - to defer to the decision of [the arbitrator], even if . . . that . . . decision finds the facts and states the law erroneously.'" *SFIC Properties, Inc. v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. Lodge 94, Local Lodge 311*, 103 F.3d 923, 924-25 (9th Cir. 1996)(quoting *Phoenix Newspapers*, 989 F.2d at 1080).

The Ninth Circuit has recognized three exceptions to the rule of general deference to an arbitrator's decision: "(1) when the award does not 'draw its essence from the collective bargaining agreement;' (2) when the arbitrator exceeds the scope of the issues submitted; and (3) when the award runs counter to public policy." *S. Cal. Gas Co. v. Util. Workers Union of Am., Local 132, AFL CIO*, 265 F.3d 787, 800 (9th Cir. 2001)(quoting *SFIC*, 103 F.3d at 925).

## II. Analysis

Plaintiff seeks an order vacating paragraph three of the arbitrator's Award and contends the arbitrator's decision is not entitled to deference as to that paragraph because the arbitrator exceeded the scope of the issues submitted to arbitration. Specifically, Plaintiff asserts when the arbitrator directed Plaintiff to reinstate Thompson and to make Thompson whole for all wages and benefits lost due to her termination, the

8 - OPINION AND ORDER

arbitrator exceeded the scope of the issues submitted to arbitration.  Plaintiff relies on *Ghebreselassie v. Coleman Security Service*, 829 F.2d 892 (9th Cir. 1987), to support its position.

In *Ghebreselassie* the plaintiff was discharged by his employer (the defendant) after allegedly engaging in criminal conduct.  *Id.* at 894.  The plaintiff's union filed a grievance on his behalf that proceeded to arbitration.  Ultimately the arbitrator found the defendant had dismissed the plaintiff without just cause in violation of the CBA, but the arbitrator denied the plaintiff a remedy because the grievance had not been timely filed by the plaintiff's union.  *Id*.  The plaintiff brought an action against his employer, his union, and various private investigators.  The union moved to vacate the arbitration award on the ground that the arbitrator "acted beyond his authority by basing his decision to deny relief to [the plaintiff] on the unions's failure to file timely the grievance." *Id*. at 897.  The union contended "the only issue that the union and the employer submitted to the arbitrator was the contractual propriety of [the plaintiff's] termination . . . and that the question of timeliness therefore was not within the scope of the submission agreement."  *Id.*  The district court granted the union's motion to vacate the arbitration award.  *Id.*  The Ninth Circuit reversed:

9 - OPINION AND ORDER

> [A] court should not reverse an arbitration award if it is based on a plausible construction of the collective bargaining agreement. *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83, 80 S. Ct. 1347, 1352-53, 4 L. Ed. 2d 1409 (1960)(*Warrior & Gulf* ); *Edward Hines Lumber Co. v. Lumber and Sawmill Workers Local No. 2588*, 764 F.2d 631, 634 (9th Cir. 1985), *cert. denied*, 475 U.S. 1131, 106 S. Ct. 1661, 90 L. Ed. 2d 203 (1986).  Where a particular issue appears to lie outside the scope of the parties' agreement to submit disputes to arbitration, a federal court must defer to the arbitrator's resolution of the dispute unless the parties' arbitration agreement "is not susceptible of an interpretation that covers the asserted dispute.  Doubts should be resolved in favor of coverage." *Warrior & Gulf*, 363 U.S. at 582-83, 80 S. Ct. at 1352-53 (1960).

829 F.2d at 897.  The Ninth Circuit reasoned:

> In the present case, the parties asked the arbitrator to determine two questions:  whether [the plaintiff] had been discharged for "just cause," and, if not, to what relief he was entitled.  The arbitrator decided that [the plaintiff] had not been discharged for just cause.  He then decided that [the plaintiff] was not entitled to relief because the grievance had not been timely filed.  The union nevertheless argues that the decision to deny the grievance was improper because the parties had not mentioned the timeliness issue in their submission statement.
>
> The union's argument that the arbitrator acted improperly in denying the grievance is unconvincing.  In deciding that [the plaintiff] was not entitled to relief, the arbitrator decided an issue specifically submitted to him by the parties.  His decision does not conflict with a provision in the collective bargaining agreement, but rests explicitly on his construction of its provisions.
>
> * * *
>
> We hold, therefore, that the district court erred in setting aside an arbitration award that was

10 - OPINION AND ORDER

based upon a reasonable construction of the
                    parties' arbitration agreement.

*Id*. at 897-98.

     Plaintiff points to the fact that the parties here stipulated to the issues at arbitration and, as noted, the arbitrator, based on the parties' stipulation, framed the issues before him as

               1.   Did the Employer have just cause to
               issue a two week suspension to Ms. Thompson on or
               about December 31, 2008?  If yes, was the
               discipline appropriate?

               2.   Did the Employer have just cause to
               terminate Grievant, Anise Thompson, on January 16,
               2009?  If yes, was the discipline appropriate?

The parties did not submit any evidence related to remedies at the arbitration, and, therefore, Plaintiff asserts the parties did not submit the issue of remedies to the arbitrator.  Thus, according to Plaintiff, the arbitrator exceeded the scope of his authority when he assessed a remedy.

     As Defendant points out, however, the parties submitted the grievances to arbitration, and both grievances contained requests for remedies including back pay and reinstatement.  In addition, the arbitrator noted in his Award and Opinion that Thompson's grievances were "now properly before the Arbitrator for final and binding decision."  Gaar Decl., Ex. 8 at 1.

     The Court cannot conclude on this record that the parties' arbitration agreement "is not susceptible of an interpretation

11 - OPINION AND ORDER

that covers the asserted dispute," particularly because "[d]oubts should be resolved in favor of coverage."  *Id*. at 897.  The Court, therefore, defers to the arbitrator's resolution of the dispute.

Accordingly, the Court **DENIES** Plaintiff's Motion for Summary Judgment and **GRANTS** Defendant's Cross-Motion for Summary Judgment.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion (#13) for Summary Judgment and **GRANTS** Defendant's Cross-Motion (#18) for Summary Judgment.  The parties, after conferring, shall submit a form of judgment **no later than 5/31/11**.

IT IS SO ORDERED.

DATED this 17th day of May, 2011.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

12 - OPINION AND ORDER